**Electronically Filed**
**Intermediate Court of Appeals**
**30093**
**16-OCT-2013**
**08:02 AM**

NO. 30093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GRADEN J. MIGUEL, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-1-0738(3))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Graden J. Miguel (**Miguel**) appeals from the Amended Judgment Conviction and Sentence entered by the Circuit Court of the Second Circuit (**Circuit Court**) on October 20, 2009.[1] After a jury trial, Miguel was convicted of one count each of the following offenses: (1) unlawful imprisonment in the second degree in violation of Hawaii Revised Statutes (**HRS**) § 707-722 (1993); (2) felony abuse of a household or family member in violation of HRS § 709-906(8) (Supp. 2012); (3) abuse of a household or family member in violation of HRS § 709-906 (Supp. 2012); (4) unauthorized entry into motor vehicle (**UEMV**) in the first degree in violation of HRS § 708-836.5 (Supp. 2012); and (5) assault in the third degree in violation of HRS § 707-712 (1993).

Miguel raises four points of error on appeal: (1) the Circuit Court erred by admitting Miguel's statement regarding injuries to his hand, made to Officer John Akana (**Officer Akana**) at the Hana police station, without requiring the State of Hawai'i (**State**) to show that Miguel's statement was voluntary;

---

[1] The Honorable Joseph E. Cardoza presided.

(2) the testimony of Adult Correction Officer Michael Kekaha (**Kekaha**) was improperly presented because it was cumulative evidence and prejudicial to Miguel; (3) the Circuit Court erroneously instructed jurors that the term "enter" had specific intent, thereby making it impossible for them to find Miguel guilty of the lesser-included offense of UEMV in the second degree; and (4) the prosecution's appeal to the jury to send Miguel a message for his actions was an improper statement constituting blatant prosecutorial misconduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Miguel's points of error as follows:

(1) Hawaii Revised Statutes § 621-26 (1993) states that "[n]o confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntary."[2] See also State v. Green, 51 Haw. 260, 264, 457 P.2d 505, 508 (1969) ("The trial judge has a duty to determine the admissibility of an inculpatory statement out of the presence of the jury and prior to the jury's exposure to such evidence."). This statute applies to "the extra-judicial statements of the defendant who is on trial." State v. Wakinekona, 53 Haw. 574, 576, 499 P.2d 678, 680 (1972).

Here, the Circuit Court did not conduct a voluntariness hearing regarding Miguel's complaint that his right hand was sore. The State argues that the Circuit Court implicitly concluded that Miguel's statements regarding his medical condition were voluntary. However, the record does not support this argument. During a bench conference following Miguel's

---

[2] Miguel's statement regarding his hand injury is an inculpatory statement, rather than a confession. See Black's Law Dictionary 338, 638, (9th ed. 2009)(defining confession as "[a] criminal suspect's oral or written acknowledgment of guilt . . . ." and inculpatory evidence as "[e]vidence showing or tending to show one's involvement in a crime or wrong). However, there is no meaningful distinction between those terms for the purposes of the right against self-incrimination. State v. Kelekolio, 74 Haw. 479, 501 n.13, 849 P.2d 58, 69 n.13 (1993). Therefore, HRS § 621-26 applies to Miguel's statement.

objection to the use of his medical statements, the main points of contention were whether Miguel was properly notified of the use of the testimony, and whether his statements were a "complaint of injury" versus a "statement." It cannot be implied from this discussion that a voluntariness determination was made, but rather it appears that the Circuit Court allowed the testimony on the basis that it was a "complaint of injury."[3] This failure to hold a voluntariness hearing constitutes error. See, e.g., State v. White, 1 Haw. App. 221, 224, 617 P.2d 98, 101 (1980).

While the Circuit Court erred when it allowed the contested testimony without a voluntariness hearing, such error does not, in every instance, warrant reversal. Under HRPP Rule 52(a), "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Therefore, this court "must determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Pauline, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002) (internal quotation marks and citation omitted).

Miguel argues that the court's failure to hold a voluntariness hearing constitutes reversible error because evidence of his hand injury corroborates Corey Law's (**Law**) testimony that Miguel punched him, contributing to the evidence supporting the assault and UEMV charges. However, by his own theory of the case, Miguel admits to punching Law. During closing arguments, Miguel asks the jury to find him not guilty of assaulting Law and UEMV because it was justified as self-defense after Law allegedly hit him with his truck. Miguel also requested that self-defense instructions be read to the jury. Hence, it cannot be said that Akana's testimony regarding Miguel's hand injury contributed to his conviction when Miguel himself admitted to punching Law, albeit in self-defense.

---

[3] The State does not cite any authority supporting a "complaint of injury" exemption from the requirement of a voluntariness hearing and we find none. See also note 2 infra.

Finally, evidence regarding Miguel's hand injury was otherwise in evidence. Akana testified that he had observed Miguel's swollen hand after he had taken Miguel to the police station. The jury was also presented with photographic evidence of Miguel's hand injury.

For these reasons, we conclude that there was no reasonable possibility that Akana's improperly admitted testimony contributed to Miguel's conviction.

(2) We reject Miguel's argument that the Circuit Court erred by allowing Kekaha's testimony regarding Miguel's telephone call to Miguel's son (**Son**), in violation of HRE Rule 403, because his testimony was cumulative and unnecessarily highlighted Miguel's pre-trial incarceration.

Under HRE Rule 403, the trial court has the discretion to exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In order for evidence to be cumulative under this rule, "it must be substantially the same as other evidence that has already been received." State v. Pulse, 83 Hawai'i 229, 247, 925 P.2d 797, 815 (1996) (citations omitted). However, a trial court does not abuse its discretion when it allows testimony that relates to observations where some parts of the testimonies overlap, while others differ. State v. Klafta, 73 Haw. 109, 115, 831 P.2d 512, 515 (1992).

Here, as the Circuit Court explained, "[t]here is some overlap, but . . . it's not cumulative although there is some overlap but not much." The court also found that "the prejudicial effect does not substantially outweigh the probative value." The contested testimony was "concerning a portion [of evidence] that has not been heard by the jury." More specifically, although Son and the complaining witness (**CW**) both testified regarding Miguel's telephone call to Son, and the message Son delivered to CW on Miguel's behalf, it was previously presented "by a very young witness, as it relates to [Son] [],

and then [CW's testimony had] obviously been presented through an uncooperative hostile witness." The Circuit Court did not abuse its discretion in rejecting Miguel's argument that Kekaha's testimony was needlessly cumulative.

Miguel also argues that the prejudicial value outweighs any probative value of Kekaha's testimony because his testimony unnecessarily revealed the fact that Miguel was held in pre-trial incarceration. We reject this argument. Miguel does not challenge the relevancy of this testimony, which, as the trial court noted, tends to evidence consciousness of guilt by attempting to influence a witness's testimony. The Circuit Court provided the jury with a cautionary instruction that no evidence of guilt should be attached to the fact that Miguel was being held in pre-trial incarceration. Juries are presumed to follow the trial court's instructions and Miguel provides no evidence to contradict this presumption. Sato v. Tawata, 79 Hawai'i 14, 21, 897 P.2d 941, 948 (1995). We cannot conclude that the Circuit Court abused its discretion when it weighed the probative versus prejudicial value of Kekaha's testimony.

(3) Miguel argues, and the State concedes, that the Circuit Court erred in its definition of the term "enter" as it relates to the lesser offense of UEMV in second degree. We agree. An elementary distinction between UEMV in the first and second degree is that the former requires "the intent to commit a crime against a person or against property rights[,]" while the latter does not. HRS § 708-836.5; HRS § 708-836.6. The Circuit Court incorrectly defined "enter" as requiring the intent to commit a crime for UEMV in the second degree.

However, the Circuit Court's erroneous instruction was only to be considered if it found Miguel not guilty of the charged offense.[4] The jury found Miguel guilty of UEMV in the

---

[4]     The Circuit Court's Instruction No. 35 states in pertinent part:

> In Count Four, if and only if you find the
> Defendant, GRADEN J. MIGUEL, not guilty of the
> offense of Unauthorized Entry Into Motor Vehicle
> in the First Degree, or you are unable to reach

(continued...)

first degree. Therefore, it is presumed that the jury did not consider the lesser offense. See State v. Haanio, 94 Hawai'i 405, 415-17, 16 P.3d 246, 256-58 (2001).

Miguel presents no persuasive argument that this presumption should be disturbed. The Circuit Court further instructed the jury that it "must not find the defendant guilty upon mere suspicion or upon evidence which only shows that the defendant is probably guilty," but rather there must not be "doubt in [each juror's] mind about the defendant's guilt which arises from the evidence presented or from the lack of evidence and which is based upon reason and common sense." In addition, our review of the record reveals that the jury had substantial evidence upon which to find Miguel guilty of UEMV in the first degree.

(4) Miguel contends that the prosecutor committed prosecutorial misconduct when she stated in her closing argument:

> The defendant created this mess. He caused this problem.
> He did all of these offenses, and he's guilty as charged;
> and we're only asking you to find him guilty of what he's
> responsible for, and send a message to him that he needs to
> understand you cannot do this. You just can't.

In closing arguments, prosecutors are generally "permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996) (citing State v. Apilando, 79 Hawai'i 128, 141, 900 P.2d 135, 148 (1995)). Prosecutors may not, however, "divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under controlling law." Apilando, 79 Hawai'i at 142, 900 P.2d at 149 (noting that the prosecutor's plea to "send a message to the defendant that his actions were wrong, they're not to be tolerated by this community[]" was improper).

---

(...continued)

> a unanimous verdict as to this offense, then you
> must consider whether Defendant is guilty or not
> guilty of the included offense of Unauthorized
> Entry Into Motor Vehicle in the Second Degree.

In reviewing Miguel's allegation of prosecutorial misconduct, the court must decide:  (1) whether the conduct was improper; (2) if improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if not harmless beyond a reasonable doubt, whether the misconduct was so egregious as to bar reprosecution.  State v. Agrabante, 73 Haw. 179, 198, 830 P.2d 492, 502 (1992).

In this case, the prosecutor's remarks were improper.  The plea to the jury – "send a message to him that he needs to understand you cannot do this.  You just can't." – was improper because it injected issues broader than guilt or innocence of Miguel by appealing to the jury's desire to send Miguel a message that his alleged actions were intolerable, rather than focusing solely on his criminal culpability based on evidence presented at trial and the controlling law.  See Apilando, 79 Hawai'i at 142, 900 P.2d at 149.

Thus, we turn to "an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction."  State v. Balisbisana, 83 Hawai'i 109, 114, 924 P.2d 1215, 1220 (1996).  In assessing whether prosecutorial misconduct warrants a new trial, the Hawai'i Supreme Court has set forth three factors to consider:  "(1) the nature of the conduct; (2) the promptness of a curative instruction; and (3) the strength or weakness of the evidence against the defendant."  State v. Pacheco, 96 Hawai'i 83, 93, 26 P.3d 572, 582 (2001).

Here, the nature of the conduct is a single, brief, remark which was preceded by an otherwise proper closing argument.  Throughout the closing argument, the prosecutor methodically detailed the evidence in the case and the applicable law.  Although the subject remark, in isolation, strayed toward a more emotional appeal, it is clearly distinguishable from the sort of egregious conduct that has been previously held as reversible error.  See, e.g., State v. Tuua, 125 Hawai'i 10, 16, 250 P.3d 273, 279 (2011) (vacating and remanding where prosecutor commented on the consequences of the jury's findings, such that,

if the jury believed a witness's admission of guilt, then no one would be found guilty of assault because "the most that you can get [the witness] for would be charging him for lying under oath"); State v. Shabazz, 98 Hawai'i 358, 48 P.3d 605 (App. 2002) (vacating and remanding where the prosecutor improperly "invoked the racial and ethnic differences and the differences in localities of origin between [the complainant and defendants]" by referring to the complainant as "a young local woman born and raised here in Hawaii" and the defendants as "six African-American males"); State v. Wakisaka, 102 Hawai'i 504, 515-16, 78 P.3d 317, 328-29 (2003) (vacating and remanding where the prosecution improperly commented on the defendant's failure to testify); State v. Pacheco, 96 Hawai'i 83, 95, 26 P.3d 572, 584 (2001) (vacating and remanding where "the [prosecution's] characterization of [the defendant] as an 'asshole' strongly conveyed his personal opinion); State v. Marsh, 68 Haw. 659, 728 P.2d 1301 (1986) (vacating and remanding where the prosecutor, in closing, repeatedly stated her personal belief that the defendant was guilty); State v. Selwyn, No. 29955 at 8 (Haw. Aug. 24, 2011) (mem.) (holding as reversible error the prosecutor's comment to the jury that "you pay" when the police have to investigate false reports made by the defendant); State v. Suan, 121 Hawai'i 169, 176, 214 P.3d 1159, 1166 (App. 2009) (vacating and remanding where prosecutor remarked that "[r]esources, time, and dollars of the taxpayers are spent to seek justice in this case").

Here, the Circuit Court did not issue a prompt, curative instruction. Although a court's general instructions to the jury are insufficient to cure improper remarks, see State v. Rogan, 91 Hawai'i 405, 415, 984 P.2d 1231, 1241 (1999), here, we take into consideration that the Circuit Court promptly sustained an objection to the prosecutor's subject remark and instructed the jury, in conjunction with its general instructions, that the remarks made by counsel are not evidence and that the jury should not be influenced by passion or prejudice against the defendants. See State v. Basham, 128 Hawai'i 312, 288 P.3d 130 (App. 2012).

Finally, we conclude that there was strong evidence of Miguel's guilt on each of the charged counts, including the testimony of several witnesses and corroborating physical evidence, and including strong evidence negating Miguel's argument of self-defense.

For these reasons, we conclude that the prosecutor's brief improper remark does not warrant a new trial.

Therefore, the Circuit Court's October 20, 2009 Amended Judgment Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, October 16, 2013.

On the briefs:

Benjamin E. Lowenthal
for Defendant-Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge